IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Deborah L. Marynak,

Plaintiff,

v.

Blatchford Seminars,

Defendant.

Civil File No. 01-1063 (DSD/FLN)

**STIPULATION AND ORDER FOR DISMISSAL**

It is hereby stipulated by and between plaintiff Deborah L. Marynak and defendant Blatchford Ltd., d/b/a Blatchford Seminars, through their respective counsel, that:

1. All claims that have been asserted in this action, including those stated in the original Complaint dated May 23, 2001, and in the proposed Amended Complaint filed with the Court on or about November 1, 2001, have been resolved by settlement.

2. All claims that have been asserted in this action shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1), subject to the terms and conditions of the Confidential Settlement Agreement and General Release dated January 4, 2002 and executed by plaintiff and defendant.

3. The dismissal of the claims in this action is made without award of any costs or attorneys' fees to either party.

FILED 2-11-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 2-11-02
DEPUTY CLERK

Dated: January 14, 2002

BOYNTON LAW OFFICES, P.A.

By ______________________
Steven Boynton (#218492)
12201 Champlin Drive
Champlin, MN 55316
Telephone: (763) 323-1112

Attorneys for plaintiff Deborah L. Marynak

Dated: January 14, 2002

DORSEY & WHITNEY LLP

By ______________________
William A. Dossett (#237930)
Mark J. Chasteen (#281098)
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600

Attorneys for defendant Blatchford Ltd, d/b/a Blatchford Seminars

**ORDER FOR JUDGMENT**

Based on the foregoing, this action is dismissed with prejudice. Each party shall bear its own costs and attorneys' fees. LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: 2/7/02

______________________
David S. Doty
District Judge, United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.